May it please the Court. Good morning, Your Honors. Tommy Pupu, Federal Defenders, on behalf of Mr. Sanchez. Keep arguing. I'll give him the full 24 months, and I'll make it consecutive. How's that? When the district counsel... I agree with you on what an inappropriate remark that was. The question for me is, how to read it, did it matter? A couple of things occurred to me. One was, counsel had already made a good argument, and he did not immediately sit down and be quiet. He made some more remarks after that judge's remark. Second thing that occurred to me is I did not understand why the judge was so irritated with the lawyer. At least on the cold record, nothing looked irritating. It looked like good, clear, concise arguments. The third thing that occurred to me, and this really matters, is in context, it looked like the kind of statement, if you don't stop arguing, I'm going to come right off this bench and break your neck. Well, maybe there's some lawyer somewhere who would think, oh, gosh, that judge is bigger than me. I better stop arguing, or he's going to come off the bench and break my neck. But I think most people would interpret the statement to mean I am really getting irritated and nothing more. Since the judge gave this fellow the deal that he'd made and was entitled to, why shouldn't we just treat it as an expression of irritation rather than something that had any substantive consequence? Well, Your Honor, addressing your questions in order. I was just giving you my thinking so you can address it and educate me out of it. Of course, Your Honor. Of course. Your Honor, on this particular day there were two sentencing hearings, one for the illegal reentry conviction as well as one for the supervised release violation hearing. Case law is clear that an individual is entitled to a sentencing hearing on both cases, mainly because both cases deal with separate issues. For an illegal reentry conviction, the sentencing is governed by 18 United States Code 3553, whereas for a violation of supervised release, it's 18 United States Code 3583. We know all this. Yes. And so I understand that the government's response to having a fair hearing and a lengthy hearing is by combining both of the sentencing hearings. But if Your Honor looks at the transcript, Your Honor will see that the supervised release hearing started with the judge saying, my tentative is six months, and it ended when the district court threatened to impose a statutory maximum. It ended when he imposed the same six – when he gave him the six months consecutive and the six months concurrent. That's when it ended, which is what he indicated he was going to do. It is, Your Honor. It was. But along the way, I was not given an opportunity to advocate for a lesser sentence. Well, one more. I read your brief, and I – what more would you have brought out? I mean, so on the sentence on the current offense, or the then-current offense that he was dealing with, you got to make a pretty full argument, right? I did, Your Honor. And the appeal in this particular case only involves the violation of supervised release. Right. And your client got to give an elocution and whatnot? In the first case, Your Honor. Yes, right? Yes. Okay, so – And he elocuted in the revocation hearing as well. I mean, briefly, but he spoke. He did speak, and he made an elocution, but if Your Honors looked at and compared and contrasted both elocutions, I think it's pretty clear that he was intimidated. Not to me. It looked like he gave a good, clear elocution. He had enough sense not to repeat everything he'd said before. It looked like if the elocution was going to get him anything, it looked like one that would. It was a good elocution. Well, in United States v. Gonzalez-Melchor, this Court indicated that it's difficult to imagine that a defendant would not be intimidated after hearing from the judge in that way. Now, in this particular case, the timing of the elocution is problematic in that. The judge didn't indicate irritation with your client, though. He just indicated irritation with the lawyer. Well, I would believe that Mr. Sanchez, standing beside counsel, if his counsel had been just told not to speak anymore or he'll give a maximum sentence, I'm sure that he interpreted that to extend – the threat extended to him as well. Now, you just suggested a moment ago that there was something – I got the impression that there was something that you were going to argue to the judge, but because of his threat, you didn't. What was it that was so compelling that you wanted to bring to the judge's attention and you felt that it was inappropriate to do so? Your Honor, if I was given the opportunity to make further arguments, I would have argued that essentially 3553 subsumes 3583, in that all of the factors that the judge took into consideration in sentencing Mr. Sanchez to 37 months has already been accounted for. And that's why a lesser sentence was appropriate. I could have also focused on the breach of trust, which is really the main reason as to why he's receiving a sentence for the violation. But therein lies really the crux of why the district court's error was so problematic, in that I wasn't able to make these arguments in front of the district court to justify why a lesser sentence is appropriate. And although Mr. Sanchez did receive a sentence of 6 months, case law is clear that as long as the sentence could have been lower, prejudice is presumed. You mean the general principle of parsimony? I think the parsimony principle deals with 3553 generally. But for the supervised release cases in United States v. Gunning as well as United States v. Carper, it states that as long as there could have been a lesser sentence, no matter. I got it clear as a bell from the argument you made. You say the judge says I've got to give him something extra for violating supervised release in addition to the sentence he gets for the substantive crime. And you say you really don't because he's already getting the extra on account of the different level for committing the crime twice. And the judge doesn't agree with that. It looks like it's well stated. It's clear. I had the same question. What else could you have said? I suppose it's one thing if a judge disagrees and obviously imposes the sentence that it ultimately did. However, along the way, there's a difference between disagreeing with counsel's recommendation and not allowing counsel to speak or advocate on behalf of Mr. Sanchez. Obviously, the court appointed me for a reason to represent Mr. Sanchez. He has a right to counsel. He has a right to have an attorney who's not only familiar with the laws. Well, you had spoken and you had made it clear. I mean, when I was on the other side of the bench, I was sometimes arguing, and the judge would say, wind it up, Mr. Kleinfeld. That happens all the time. But that's not what happened here, Your Honor. It's not where the district court asked Mr. Vu, is there anything else you want to say? Are there any final remarks? The judge simply stated, keep arguing, keep arguing. I'll give him the full 24 months, statutory maximum, and I'll make it consecutive. And not only that, he asks or he says rhetorically, how's that? How does that sound? And so, obviously, what the transcript also doesn't show is that immediately after the court had threatened or made the threat, I then turned around, tried to see if there was any other senior attorneys in the courtroom to see what was going on. And obviously, after that fact, at that point, obviously, since I've never been threatened by a district court before, I then stated to the court. The judge, instead of making his remark, had said, counsel, I understand your argument. We'll move on. I could have then moved on to my next argument. No, I don't mean he could have said, you move on. If he said, I understand your argument, we will move on to allocution and sentencing. He'd shut you up, but without the remark that he made. I think if that was the remark, I would feel more at ease to ask, well, Your Honor, I only have one more argument that I would like to make. And he would have said, no, counsel, as I said, we'll move on. You don't get to just keep talking because you're there. The judge gets to control the proceedings. I understand I don't have an unlimited right. What I'm asking is if he had not made a statement that could sound like a threat to impose a higher sentence, he just made a statement cutting you off, would you have any entitlement to a remedy? Well, in that particular case, I would obviously be at a worse position in terms of asking for a remedy, but that's not what happened in this particular case. I'd like to reserve the rest of my time for rebuttal if that's at all possible. That's fine. But let me ask you a question without impairing your ability to rebut. This is, is that all right? That's fine. All right. Because this is, you know, this is my world, sentencing, revocation proceedings. Is it the custom and practice in your court that a judge or this particular judge in a revocation proceeding will announce a tentative and then allow you to address it? I mean, that's what I do. I generally will say, counsel, this is what I'm thinking about doing, and then we go from there. I don't think that there's a practice all across the Southern District of California that all judges announce a tentative, but certainly some judges announce the tentative and address the reasons for and against it in order to allow counsel to narrow their arguments. Okay. Rule 32.1, which governs revocations, does not expressly provide for the right of an attorney to speak. I always let attorneys speak in revocation proceedings, but Rule 32.1 does not provide for that. Rule 32 does in terms of sentencing. Is that, do you think, a problem for your argument here? It's not, Your Honor. Whether it's a Sixth Amendment violation, a constitutional violation, a due process violation, or a federal rule of criminal procedure violation, I think this court reviews it de novo, and it's clear that there was an error here, and it clearly prejudiced Mr. Sanchez because he could have received a lesser sentence. And the lesser sentence would have been that the revocation sentence would have run entirely concurrent with the sentence for the underlying offense? It could have run entirely concurrent. It could have been three months. It could have been five months and 29 days. Judge, can I ask one more question? Yes. All right. That's the trouble when you get these district court judges at the Ninth Circuit. Is there a, you argue negotiation? Yes, Your Honor. Where did the negotiation occur here? Well, Your Honor. Because negotiation normally arises in the context of an appeal waiver. Well, that is a particular case. Gonzalez-Machar, I believe, is Your Honor's referring to. But in this particular case, at the outset of the hearing, the judge says, my tentative is six months. And the second that I ask for a lesser sentence, even the judge himself referred to it on ER-25, that instead of accepting my offer, you then ask for something less. And he viewed that as a rejection. There was an acceptance when, at the end, he stated, keep arguing. I'll give you the statutory maximum. And once I stopped arguing, he said, is the matter submitted? That was the offer again. Well, you didn't just stop arguing. You said, it's just my recommendation. I understand Your Honor's tentative. I already provided the reasons as to why a lower sentence is appropriate. I understand Your Honor's tentative. And the court says, is the matter submitted? And you responded, yes. As Judge Kleinfeld mentioned, it appeared that the district court was visibly frustrated. And throughout the hearing, I mentioned it a couple of times. All right. We should hear from the government. Good morning, Your Honors. Jose Castillo for the appellee of the United States. I want to cover three topics. The first one, the defendant, in fact, allocated in this case, and the record is clear, not only at the sentencing hearing, but also at the revocation hearing. The second argument is the defense attorney was afforded an opportunity to speak on the defendant's behalf. And he, in fact, did. And in this case, context matters. It matters because the defendant appeared for a dual-purpose hearing, the sentencing hearing for the new 1326 conviction, as well as the revocation hearing. And in the sentencing hearing for the new offense, the defense attorney made several arguments in mitigation and referenced the revocation hearing, asked for a lower sentence because the defendant was also on supervised release and was going to receive another sentence, or there was a potential that he could receive another sentence for the revocation and supervised release. Then at the revocation hearing, the defense attorney began by saying that he wanted to address sentencing very briefly, meaning that there was a limit that it was going to be shorter than what he had previously stated, and then asked for a lower sentence, asked for a full concurrent sentence, because the defendant had already received a longer sentence, had received 37 months for the new 1326 conviction, which was longer than the sentence he had received in 2010, which was 33 months. Roberts. So you're saying in the first part of the hearing, when he's getting sentenced for the substantive crime, he asks for a shorter sentence because he's also going to get hammered on the revocation? That's correct, Your Honor. When the revocation argument starts a couple of minutes later, he says make it all concurrent because I also got hammered on the substantive crime? That's correct, Your Honor. In essence ---- But you're not suggesting that the judge's remarks are in any way appropriate? Your Honor, the ---- You're not defending those remarks, are you? No, Your Honor. The judge's remarks are what they are. The record is what it is. The district court judge said what the district court said. However, the issue here is whether the defendant's attorney was provided an opportunity to speak on the defendant's behalf. And in this case, the record shows that he was. He argued for mitigation. And then after the district court made those remarks, Judge Pius, you quoted what the defendant's attorney said. Yes. And he continued. He said, I already provided the argument as to why a lower sentence is appropriate in this case. Counsel, is this ---- is our analysis governed by a harmless error or a plain error analysis? The standard review is unclear. The last case to have addressed the standard review in revocation hearings is Daniels. And that case acknowledged that there was some tension between the Ninth Circuit cases and the Supreme Court cases, for example, like Puckett. And in that case, the district court ---- I'm sorry, the court, the Ninth Circuit, applied without deciding plain error review. I just can't see applying plain error to this. I mean, if the judge tells you to shut up, it's probably a good idea to shut up rather than to say, I object, Your Honor. He already knows that you don't like what he's doing, and he doesn't like what you're doing. Whatever occasion there may have been for him to cure his error has already occurred. In this case, the Supreme Court and Puckett ---- The only thing I could see that an objection would have achieved would have been to make him even madder at the lawyer and maybe tip him off to clean up his record by saying, of course, I did not mean what I said. I would in no way would I ever consider punishing your client because you have annoyed me. And then the appellant would have no case at all. Yes, yes, Judge Kleinfeld. And Puckett, the Supreme Court, said that there's a reason why forfeited errors, why it's why they should be preserved, and why the ---- The only reason to object is everybody just going along just happily making errors and nobody notices it, and then somebody looks it over for an appeal and, oh, gee, look at that. That was an error. Well, if it had been brought to the judge's attention, it wouldn't have been made or it would have been immediately cured as opposed to the record being cleaned up. But that's not the case here. It would have been corrected, Your Honor. If the argument ---- What would that correction be? If the argument ---- That he would have invited him to talk for another half hour, if you like? Well, this Court has held that a defendant does not have the right to unlimited allocution. By extension, it also extends to a defendant's attorney. And so in this case, if the error is that somehow the defendant's attorney wasn't afforded an opportunity to speak on the defendant's behalf, then the error would have been cured right there and then, and, therefore, we would have preserved the judicial resources. This appeal would not have come to fruition. I don't think Mr. Vu, under the circumstances that he had, probably felt it was well to put up any more argument. Otherwise, his client was looking at a potentially longer sentence for the revocation than the judge had indicated was his inclination at the outset. So I'm with Judge Kleinfeld on this. I don't think the plain error standard, I just don't think you're getting anywhere with that one. But harmless error. What's your harmless error argument? The fact that he got the same sentence that the judge initially indicated? Even under the harmless error, and assuming that that's the standard review that the Court applies, the argument still fails. It fails because the defendant's attorney was provided an opportunity to address, to speak on the defendant's behalf. It is shown in the record by the arguments made at the sentencing hearing and also at the revocation hearing. He essentially cross-referenced both arguments in asking for a shorter sentence. And in this case, the district court announced its tentative sentence and imposed that tentative sentence at the end. Therefore, there is no prejudice in this case. And in addition, in this case ---- Are you saying the fact that defense counsel made an argument on behalf of his client in connection with the sentencing for the underlying or the charge that resulted in the revocation, that we can look to that and sort of bootstrap that argument into the revocation hearing and say, well, he had more opportunity to argue on behalf of his client for the initial crime. Therefore, it doesn't matter that he have an equal opportunity to advocate for his client in connection with the revocation? No, Your Honor. The hearings are different. They are different. And in this case, it resulted in an additional six-month sentence for Mr. Vu's client. Correct, Your Honor. My argument is that in this case, context matters. It matters because both cases were called at the same time. One of them happened right after the other. And within the arguments of the revocation hearing and the arguments of the sentencing hearing, defense counsel was cross-referencing arguments. I see. And so, therefore, all the arguments that all those arguments were before the district court. When appellant's counsel was up here and asked whether there were any additional arguments that he could have made to convince the court to impose a full concurrent sentence, the arguments that were raised, those were before the district court. Therefore, the district court knew that the revocation hearing was for the breach of trust. The transcript is clear. As well as the additional arguments that had already been presented. What had the probation officer recommended? Do you recall? I don't, Your Honor. Did the government make a recommendation? No, Your Honor. The guideline range was six to 12 months. And in this case, the government did not make a recommendation for it. It was submitted to the court. Correct, Your Honor. And he was sentenced at the low end of the guideline range on the underlying crime, correct? Yes, Your Honor. If Your Honors don't have any further questions, we would submit. Mr. Brewer, you get one minute. Thank you. Your Honor, if I could just first address the question of why I was not able to immediately sit down is that, as Judge Paez mentioned, at that point, I had reiterated to the client, to the judge, I understand your court's tentative. I understand your court's tentative. At that point, I was really towing the line between trying to allude to certain arguments as to why a lesser sentence was appropriate, but also trying to prove and put the court back into the original mindset. Were you surprised about the district court judge's tentative? I mean, were you surprised that he said, I'm thinking one year, six months concurrent, six months consecutive? There wasn't a surprise in that it is this judge's practice normally to give a tentative. I mean, just what he was going to do, the one year. No, Your Honor. Were you surprised by that? I'm not as surprised as when he mentioned to me that if I kept arguing, obviously, he would give my client the statutory maximum. In addressing the prejudice here, in United States v. Gunning, it states that when a district court could have lowered a defendant's sentence, prejudice is presumed, even if it is unlikely that the district court would have done so. The benefit of the doubt is not given to the district court. As the transcript shows on the hearing for the sentencing revocation, I was not able to provide. I don't think that was the same context. It looks to me like what this is all about is, is the judge authorized to limit the amount of time that lawyers argue, or must he allow the lawyers to go on as long as they like? It looks like if you don't take his threat literally, if you take it as just an odd way to say, shut up and sit down, that that's what the case is really arising out of. And I think your position is that as long as the lawyer wants to make an argument he's entitled to, the judge cannot cut off argument. Have I got this right? That's not my position, Your Honor. If Your Honor looks at the transcript, the sentencing hearing for the revocation is literally two pages long. Every single time that I tried to provide a reason as to why a lesser sentence was appropriate, the judge interrupted me. And not only did he interrupt me, but he threatened to double the sentence each time. At first it started at six months, and then it went to 12 months, and then it went to 24 months. If you look at the transcript of the revocation, I was not able to provide a single mitigating circumstance as to why a lesser sentence was appropriate. I was not able to talk about the breach of trust, about why a fully concurrent sentence was appropriate, or anything less than six months. And I think this Court ---- Kennedy, I thought you did. The judge said I have to give him some time for the revocation, and you said you basically already did give him time for it because he was sentenced to more time for committing the same crime a second time, and that takes account of it. Well, at this point if ---- The judge said, but there's also the breach of trust issue on not behaving while he's on supervised release, and he has to get some time for that. Was there any more to it? All of the statements that I made during that hearing were literally in response to the Court's questions. But I think fundamentally it comes down to this. If a court is allowed to state its tentative, and if the judge, and if the defense counsel doesn't go along with it, and for some reason or another the court is frustrated with that, it simply is not okay. It's not fair to Mr. Sanchez. It's not fair to any criminal defendant if at the end of the day, as long as the judge gives exactly what it is.  Thank you, Your Honor. Thank you, Mr. Bu. Thank you, counsel. We'll submit the matter. Appreciate your arguments.
judges: Christensen, Kleinfeld, Paez